**In the United States District Court
for the Northern District of Illinois**

FILED
JAN 31 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Terry J. Maier          Petitioner

v.

United States           Respondent

08cv691
JUDGE MORAN
MAG. JUDGE NOLAN

### Petition to Quash Summons

The district court has jurisdiction under IRC Section 7609(h).

This petition concerns a Summons(copies attached) issued to Nature's Sunshine Products Inc., Sho-Deen Inc., Northwest Metalcraft and DRH Cambridge Homes, Inc. for records in its possession about petitioner.

Petitioner is filing this Petition under rules in section 7609(b)(2)(A) "Special procedures for third-party Summons".

The Summons, issued by authority claimed under 26 USC 7602(a) improperly includes petitioner in the limited class of persons and entities to which the section applies.

The Summons is prima facie defective in that the date of issuance was January 2, 2008 as signed by the IRS agent and group manager. The "place and time" for appearance is "…on the 2nd day of January 2008 at 9 o'clock a.m." Obviously such a time span of zero days gives petitioner no time to file a petition to quash, thereby depriving petitioner of his due process rights.

The Summons was purportedly issued on January 2, 2008. However such Summons was not received by petitioner until January 22, 2008. Whether intentional or not, the effect of the Summons being held by the IRS agent for almost three weeks before mailing, serves to hinder petitioner from filing a petition to quash, thereby depriving petitioner of his due process rights.

The Summons is prima facie defective in that the entity about which information is requested is named as "Maier Precast Inc." of which entity petitioner has actual knowledge as not being and never being associated with petitioner.

The Summons is prima facie defective in that the entity named as "In the matter of" is a Terrance Maier who is not the petitioner herein and is not known to petitioner herein. Additionally the IRS agent who issued the Summons is illegally using the social security number of petitioner for the named entity "Terrance Maier", which must be some legal violation by such agent, in today's world of identity theft and invasion of privacy. Petitioner will discuss the lawful limits of the summons authority below.

The attached affidavit is evidence that Terry J. Maier named in the Summons is not in the class of individuals and entities subject to section 7602 authority.

## Discussion

1. Respondent claims authority to issue the summons in question under section 7602(a) of Title 26 of the Internal Revenue Code. The language of Section (7602(a)

appears to authorize government agents to demand any information from anyone to determine tax liabilities or the accuracy of returns of any individual in which the agency might have an interest. Such sweeping, limitless investigative power is impossible under the American system of law.

If any government agency had such authority it would clearly be in conflict with the limits of the Fourth Amendment of the Constitution. That amendment prohibits warrantless searches and specifies strict conditions for obtaining warrants, including sworn testimony of first-hand knowledge of criminal acts.

Congress is well aware that it cannot authorize general warrants, or "Writs of Assistance" as they were called in the 18th century when Americans rebelled against them. For laws that allow the compulsory production of private information to remain in harmony with the Constitution they must specify the persons to whom the law applies and the circumstances under which summonses may issue. There is no question that income tax law is Constitutional. Because it is, there must be limits on the examination powers of government agents in tax matters as there are in every other legal matter. Fortunately, the Statutes at Large dispel any confusion about the limits that apply to summonses under 26 USC 7602.

2. As this honorable court certainly knows, USC Title 26 is not the law. It is a mere representation of certain of the Statutes at Large. It is *prima facie* evidence of the law in those statutes.

3. Title 1, Section 204(a) explains the nature of the United States Code as it relates to the law:

> *"(a) United States Code. — The matter set forth in the edition of the code of Laws of the United States current at any time shall, together with the then current*

> *supplement, if any, **establish prima facie the laws of the United States**, general and permanent in their nature, in force on the day preceding the commencement of the session following the last session the legislation of which is included: Provided, however, that whenever titles of such Code shall have been enacted into positive law the test thereof shall be legal evidence of the laws therein contained, in all the courts of the United States, the several States, and the Territories and insular possessions of the United States."* — **1 USC 204(a)**
> (Emphasis added in this and all following citations)

Title 26 has not been enacted into positive law:

> *"Of the 50 titles, only 23 have been enacted into positive (statutory) law. These titles are 1, 3, 4, 5, 9, 10, 11, 13, 14, 17, 18, 23, 28, 31, 32, 35, 36, 37, 38, 39, 44, 46, and 49. When a title of the code was enacted into positive law, the text of the title became legal evidence of the law. **Titles that have not been enacted into positive law are only prima facie evidence of the law. In that case, the Statutes at Large still govern.***
> **United States Government Printing Office**

4. The Supreme Court has often confirmed the following fundamental judicial doctrine:

> *"When the words of a statute are unambiguous, the first canon of statutory construction — that Courts must presume that a legislature says in a statute what it means and means in a statute what it says there — is also the last, and judicial inquiry is complete."* — Connecticut National Bank v. Germain, 503 US 249 (1992)

We can, therefore, disregard the misleading language of USC 26, 7602 and look to the Statutes at Large for governing law in this case.

5. USC 26, 7602 derives from section 3173 of the Revised Statutes of 1873 as amended in 1919 and re-enacted as the current law in the Revenue Act of 1926. That section establishes two groups subject to the summons and examination authority of the Secretary of the Treasury. The first is those who have been notified of an obligation to file and have either refused or neglected to do so. This would include entities and individuals who have not filed after the IRS has notified them that it has evidence that they should.

The second class subject to examination authority is that of people or entities engaged in certain special business activities that are required to *"...deliver a monthly or other return of objects subject to tax..."* Examples of members of this class would be brewers, distillers, tobacco producers and bankers as specified in various related sections such as 3307, 3337, 3338, 3414 and others. Should one of these special entities fail to file the Secretary is empowered to summon them and their records.

> *"...And if any person, on being notified or required as aforesaid, [of an obligation to file a return] shall refuse or neglect to render such list or return within the time required as aforesaid, or whenever any person who is required to deliver a monthly or other return of objects subject to tax* [the second class of entity subject to examination] *fails to do so at the time required, or delivers any return which, in the opinion of the collector, is erroneous, false or fraudulent, or contains any undervaluation or understatement, or refuses to allow any regularly authorized Government officer to examine the books of such person, firm, or corporation, it shall be lawful for the collector to summon such person..."* — Section 3173 Revised Statutes of 1873 (amended 1919)

The unambiguous language of this statute uses the words "any person" twice to indicate two distinct groups subject to summons authority. The language also clearly indicates that only members of the second group can be summoned both for failure to file a return and/or to examine the return for accuracy. The first group may be summoned for failure to file only, not for verification of the accuracy of any filed return.

This section of the Statutes at Large has been re-enacted in every major revenue act since Abraham Lincoln was president. It is still the law today. It harmonizes the federal taxing power and Constitutional limits on that power. Its precursor, section 93 of the Revenue Act of 1862, expressed the same principles even more clearly, unambiguously stating that a sworn return was the final, irrefutable word concerning the filer's tax liability:

> *"Provided, that any party, in his or her own behalf, or as guardian or trustee, as aforesaid, shall be permitted to declare, under oath or affirmation, the form and manner of which shall be prescribed by the commissioner of Internal Revenue, that he or she was not possessed of an income of six hundred dollars, liable to be assessed according to the provisions of this act or... has been assessed elsewhere... and shall thereupon be exempt from an income duty; or, if the list or return of any party shall have been increased by the assistant assessor, in manner as aforesaid, he or she may be permitted to declare, as aforesaid, the amount of his or her annual income, or the amount held in trust, as aforesaid, liable to be assessed, as aforesaid, <u>and the same so declared shall be received as the sum upon which duties are to be assessed and collected.</u>"* — Section 93 Revenue Act of 1862

6. Lest the Court be concerned that the law has, in fact, been changed through the action of its many re-codifications, we need look no further than the first compilation of revenue law in 1939 for confirmation that it has not. The language of the 1939 Code was refreshingly clear when compared with mutations of the modern code:

> SEC. 3615. SUMMONS FROM COLLECTOR TO PRODUCE BOOKS AND GIVE TESTIMONY.
> (a) GENERAL AUTHORITY. — *It shall be lawful for the collector, **subject to the provisions of this section** to summon any person to appear before him and produce books at a time and place named in the summons, and to give testimony or answer interrogatories, under oath, respecting any objects or income liable to tax or the returns thereof....*

Then we are given the "...provisions of this section:"

> (b) ACTS CREATING LIABILITY. — *Such summons may be issued —*
> (1) REFUSAL OR NEGLECT TO COMPLY WITH NOTICE REQUIRING RETURN. — *If any person, on being notified or required as provided in section 3611, shall refuse or neglect to render such list or return within the time required, or*
> (2) FAILURE TO RENDER RETURN ON TIME. — *Whenever any person who is required to deliver a monthly or other return of objects subject to tax fails to do so at the time required, or*
> (3) ERRONEOUS, FALSE, OR FRAUDULENT RETURN. — *Whenever any person who is required to deliver a monthly or other return of objects subject to tax delivers any return which, in the opinion of the collector, is erroneous, false, or fraudulent, or contains any undervaluation or understatement, or*
> (4) REFUSAL TO PERMIT EXAMINATION OF BOOKS. — *Whenever any person who is required to deliver a monthly or other return of objects subject to*

*tax refuses to allow any regularly authorized Government officer to examine his books.*

The language of the 1939 code maintains the distinctly old fashioned clarity of the original revenue statutes. It tells us exactly who is subject to the examination powers of the Secretary. The Preliminary Materials section of the current IRC indicates that section 7602 is a re-codification of section 3614, section 3615(a), (b) and (c) and section 3632(a)(1) of the IRC of 1939. The language of 7602 took its current form in 1954. The **Supreme Court confirmed that its meaning didn't change:**

> *"The legislative history of the code supports the conclusion that congress intended to design a system with interrelated criminal and civil elements. Section 7602 derives, without change in meaning, from corresponding and similar provisions in 3614, 3615, and 3654 of the 1939 Code."* — United States v LaSalle National Bank, 437 U.S. 298 (1978) referencing H.R. Rep. No. 1337, 83rd cong., 2nd Sess., A436 (1954); S. Rep. No 1622, 83rd Cong., 2nd Sess., 617 (1954).
> [Note: The Court's reference to section 3654 is out of date with the current derivation table, but as that section simply reflected the authority to summon "officers of internal revenue" it does not bear upon our case. It has been replaced with 26 USC 7602(b) in the Tax Reform Act of 1982 which extends the summons power to investigations of IRS employee conduct.]

Nor has its meaning changed in any subsequent re-codification, although its clarity has greatly diminished.

### Conclusion

7. The clear language of the governing Statutes at Large, amplified by the 1939 USC, show exactly who is subject to the summons and examination authority of revenue agents of the United States. Those people are:

(1) Persons or entities that have refused or neglected to file required returns upon being notified of such a requirement as provided for by law.

(2) Persons or entities required to file monthly or other returns of objects subject to tax.

As is established by the evidence attached to this petition, Petitioner does not belong to any of the classes subject to the summons and examination authority of Respondent.

Prayer

Petitioner respectfully prays that this honorable court quash this summons, enjoin the United States and its agents from further unlawful investigations into Petitioner's private affairs, order Respondent to make me whole for costs incurred in bringing this petition before the court and grant such other relief as the court may deem just.

Respectfully submitted this 28th day of January, 2008.

Terry J. Maier

14780 Galena Road
Plano, Illinois  60545

Attachments:
Summons
Affidavit of Terry J. Maier
Proof of Service
Appearance form



# Summons

In the matter of: Terrance Maier, SSN: 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 (DBA Maier Precast)
Internal Revenue Service (Division): Small Business/Self Employed
Industry/Area (name or number): Examination Midwest Area 07
Periods: Annual Period Ended December 31, 2003

## The Commissioner of Internal Revenue

To: Nature's Sunshine Products Inc.
At: 75 East 1700 South, Provo UT 84606

You are hereby summoned and required to appear before Revenue Agent Marianne Chianelli or designee 36-07056 an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

Please provide information regarding your relationship with Maier Precast Inc., or Terrance Maier including what type of services Maier Precast Inc. or Terrance Maier provided to you, how long you have been doing business with Maier Precast Inc., or Terrance Maier, copies of invoices issued by Maier Precast Inc. or Terrance Maier, to Nature's Sunshine Products Inc. and pricing information provided to your company from Maier Precast, Inc. or Terrance Maier. Please provide copies of any 1099's issued by Nature's Sunshine Products Inc., to Terrance Maier or Maier Precast Inc.

**Do not write in this space**

Business address and telephone number of IRS officer before whom you are to appear:
Internal Revenue Service, Stop 4824 WSB, 2001 Butterfield Rd., 12th Floor Attn: M Chianelli, Downers Grove IL 60515

Place and time for appearance at Mail in documentation.

**IRS** on the 2nd day of January 2008 at 9 o'clock a. m.
Issued under authority of the Internal Revenue Code this 2nd day of January, 2008.

Department of the Treasury
Internal Revenue Service
www.irs.gov

Signature of issuing officer — Title: Revenue Agent
Signature of approving officer (if applicable) — Title: Group Manager

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

Part C — to be given to noticee

# Summons



In the matter of  Terrance Maier, SSN: 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 (DBA Maier Precast)
Internal Revenue Service (Division):  Small Business/Self Employed
Industry/Area (name or number):  Examination Midwest Area 07
Periods: Annual Period Ended December 31, 2003

### The Commissioner of Internal Revenue

To: Sho-Deen Inc.

At: 17 North First Street, Geneva, IL 60134

You are hereby summoned and required to appear before  Revenue Agent Marianne Chianelli or designee 36-07056
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

Please provide information regarding your relationship with Maier Precast Inc., including what type of services Maier Precast Inc., provided to you, how long you have been doing business with Maier Precast Inc., copies of invoices issued by Maier Precast Inc., to Sho-Deen Inc., and pricing information provided to your company from Maier Precast, Inc. Please provide copies of 1099's issued by Sho-Deen Inc., to Terrance Maier or Maier Precast Inc.

**Do not write in this space**

Business address and telephone number of IRS officer before whom you are to appear:
Internal Revenue Service, Stop 4824 WSB, 2001 Butterfield Rd., 12th Floor Attn: M Chianelli, Downers Grove IL 60515

Place and time for appearance at  Mail in documentation.

**IRS**
Department of the Treasury
Internal Revenue Service
www.irs.gov

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

on the __2nd__ day of __January__, __2008__ at __9__ o'clock __a.__ m.
Issued under authority of the Internal Revenue Code this __2nd__ day of __January__, __2008__

Signature of issuing officer — Title: Revenue Agent
Signature of approving officer (if applicable) — Title: Group Manager

Part C — to be given to noticee



# Summons

In the matter of: Terrance Maier, SSN: 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 (DBA Maier Precast)
Internal Revenue Service (Division): Small Business/Self Employed
Industry/Area (name or number): Examination Midwest Area 07
Periods: Annual Period Ended December 31, 2003

### The Commissioner of Internal Revenue

To: Northwest Metalcraft
At: 413 S. Arlington Heights Road, Arlington Heights IL 60067

You are hereby summoned and required to appear before Revenue Agent Marianne Chianelli or designee 36-07056 an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

Please provide information regarding your relationship with Maier Precast Inc., including what type of services Maier Precast Inc., provided to you, how long you have been doing business with Maier Precast Inc., copies of invoices issued by Maier Precast Inc., to Northwest Metalcraft and pricing information provided to your company from Maier Precast, Inc. Please provide copies of any 1099's issued by Northwest Metalcraft, to Terrance Maier or Maier Precast Inc.

**Do not write in this space**

Business address and telephone number of IRS officer before whom you are to appear:
Internal Revenue Service, Stop 4824 WSB, 2001 Butterfield Rd., 12th Floor Attn: M Chianelli, Downers Grove IL 60515

Place and time for appearance at Mail in documentation.

**IRS** on the __2nd__ day of __January__ __2008__ at __9__ o'clock __a__. m.
Issued under authority of the Internal Revenue Code this __2nd__ day of __January__, __2008__

Department of the Treasury
Internal Revenue Service
www.irs.gov

Signature of issuing officer — Revenue Agent (Title)
Signature of approving officer (if applicable) — Group Manager (Title)

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

Part C — to be given to noticee



# Summons

In the matter of  Terrance Maier, SSN: 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 (DBA Maier Precast)
Internal Revenue Service (Division):  Small Business/Self Employed
Industry/Area (name or number):  Examination Midwest Area 07
Periods:  Annual Period Ended December 31, 2003

### The Commissioner of Internal Revenue

To:  DRH Cambridge Homes Inc., Attn:  Operations, Tony VanDyke
At:  800 S Milwaukee Ave., Suite 250, Libertyville IL 60048

You are hereby summoned and required to appear before  Revenue Agent Marianne Chianelli or designee 36-07056  an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

Please provide information regarding your relationship with Maier Precast Inc., including what type of services Maier Precast Inc., provided to you, how long you have been doing business with Maier Precast Inc., copies of invoices issued by Maier Precast Inc., to DRH Cambridge Homes, Inc., and pricing information provided to your company from Maier Precast, Inc.  Please provide copies of 1099's issued by DRH Cambridge Homes Inc., to Terrance Maier or Maier Precast Inc.

**Do not write in this space**

Business address and telephone number of IRS officer before whom you are to appear:
Internal Revenue Service, Stop 4824 WSB, 2001 Butterfield Rd., 12th Floor Attn:  M Chianelli, Downers Grove IL 60515

Place and time for appearance at  Mail in documentation.

**IRS**
Department of the Treasury
Internal Revenue Service
www.irs.gov

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

on the  2nd  day of  January  2008  at  9  o'clock  a.  m.
Issued under authority of the Internal Revenue Code this  2nd  day of  January , 2008

Signature of issuing officer — Marianne Chianelli — Title: Revenue Agent
Signature of approving officer (if applicable) — Title: Group Manager

Part C — to be given to noticee

## AFFIDAVIT

State of Illinois

County of Kendall

Before the undersigned, an officer duly commissioned by the laws of Illinois, on this 28th day of January, 2008, personally appeared Terry Maier who, having been first duly sworn, deposes and says:

> I am Terry Maier of Plano, Kendall County, Illinois.
>
> I am of competent age and mind.
>
> I am a private-sector, non-federally-connected individual.
>
> I have not refused or neglected to render any federal-tax-related list or return within the time required upon being notified or required to do so.
>
> I am not, and never have been, required to deliver a monthly or other return of objects subject to tax.
>
> I am not, and never have been, engaged in the administration or enforcement of any internal revenue laws.
>
> I do not waive any of my rights at any time.

Affiant: _____
Terry Maier

Witness: _____

Sworn and subscribed before me this 28 day of Jan. ,A.D.2008

OFFICIAL SEAL
DEBORAH J. FISHER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 08/12/2011

_____
Notary Public

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Terry J. Maier          Plaintiff

             VS.

United States          Defendant

### PROOF OF SERVICE

TO:   U.S. Attorney
      Everett McKinley Dirksen Bldg.
      219 S. Dearborn St. 5th Floor
      Chicago, Illinois  60604

TO:   U.S. District Court-Clerk
      Everett Mckinley Dirksen Bldg.
      219 S. Dearborn St. 5th Floor
      Chicago, Illinois  60604

TO:   IRS Agent M. Chiarnelli
      Stop 4824 WSB
      2001 Butterfield Road – 12th floor
      Downers Grove, Illinois  60515

TO:   U.S. Attorney General –
      Michael B. Mukasey
      Department of Justice
      950 Pennsylvania Avenue, NW
      Washington, DC  20530-0001

I, the undersigned plaintiff, certify that on the 28th day of January, 2008, I served a copy of this Petition to Quash, Appearance form for Pro Se Litigants and Affidavit to each person whom it is directed by way of Certified Mail.

Name:       Terry J. Maier

Address:    14780 Galena Road

City/Zip:   Plano, Illinois  60545

Telephone:  630-552-8297


_____          January 28, 2008
Terry J. Maier                   Date